IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACLYN WATERS, individually and on behalf of all others similarly situated in Missouri, <br><br> Plaintiff, <br><br> v. <br><br> FERRARA CANDY CO. , <br><br> Defendant. | CIVIL ACTION NO.:  4:17-cv-00197 <br><br> JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendant Ferrara Candy Company ("Ferrara"), hereby gives notice that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, this civil action filed by Plaintiff Jaclyn Waters ("Plaintiff") is hereby removed from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.  In support of this Notice of Removal and this Court's jurisdiction, Defendant Ferrara states:

1. On December 8, 2016, Plaintiff filed a putative class action petition in the Circuit Court of the City of St. Louis, Missouri (the "Petition") (attached hereto as Exhibit 1).

2. Plaintiff brings this action on behalf of a proposed class consisting of "[a]ll Missouri citizens who purchased the Products in the five years preceding the filing of this Petition." *See* Petition ¶ 28.

3. The Petition asserts causes of action for violation of Missouri's Merchandising Practices Act and for Unjust Enrichment.  *See* Petition ¶¶ 37-50.

**Timeliness of Removal**

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within 30 days of Ferrara's receipt of the Petition on December 12, 2016.

**CAFA Jurisdiction Pursuant to 28 U.S.C. § 1332(d)**

5. This civil action is removable because this Court has jurisdiction of this action under 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005 ("CAFA")).

6. Under 28 U.S.C. § 1332(d), this Court has original jurisdiction over class actions in which (i) there are at least 100 members in the plaintiff's proposed class, (ii) any member of the putative class is a citizen of a state different from any defendant, and (iii) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, based on the aggregated claims of the class members. All of these requirements are satisfied.

**The Class Exceeds 100 Members.**

7. CAFA's first requirement—that class membership be no less than 100 (28 U.S.C. § 1332(d)(5)(B))—is satisfied.

8. According to the Petition, the "Class consists of hundreds or thousands of purchasers." Petition ¶ 30. Accordingly, a reasonable basis exists to conclude that there are more than 100 class members.

**Diversity of Citizenship Exists.**

9. CAFA's second requirement—that any one member of the purported class is a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A))—is also satisfied.

10. Per the Petition, Plaintiff is a citizen of Missouri. Petition ¶ 5.

11. Per the Petition, Ferrara is an Illinois corporation with its principal place of business in Illinois. Petition ¶ 6.

12. Accordingly, CAFA's requirement of minimal diversity is satisfied.

**The Amount in Controversy Requirement Is Satisfied.**

13. CAFA's third requirement—that the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs (28 U.S.C. § 1332(d)(2))—is satisfied as well.

14. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

15. "[W]hen determining the amount in controversy, the question 'is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) ("*Raskas*") (emphasis in original) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009)). The defendant's Notice of Removal need include only a plausible allegation that the amount in controversy exceeds $5,000,000; the Notice of Removal need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 554 (2014).

16. The Plaintiff's statements in the Petition that the aggregated amount in controversy will not exceed $4,999,999 for the entire class, *see, e.g.*, Petition ¶ 8, do not prevent removal of this action. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (holding that the named plaintiff's stipulation that the class will not seek relief exceeding $5,000,000 is not binding on the putative class members and should thus be ignored).

17. The Petition seeks compensatory damages, or alternatively, disgorgement or restitution of Ferrara's alleged unjust enrichment. *See* Petition, Prayer for Relief ¶ (c). The

putative class includes Missouri citizens who purchased the products at issue in the five years preceding the filing of the Petition.  Petition ¶ 28.

18. Sales of Red Hots products in the last five years in Missouri have been in excess of $779,296.  The allegations, claims and prayer of the Petition put this full amount in controversy as possible damages or restitution.

19. The Petition seeks attorneys' fees.  *See* Petition, Prayer for Relief ¶ (e).  Attorneys' fees are potentially available under the Missouri Merchandising Practices Act.  Mo. Rev. Stat. § 407.025.  Courts in the Eighth Circuit have held that attorneys' fees of 40 percent may be included in calculations of the amount in controversy in a putative class action.  *See Basham v. Am. Nat'l Cnty. Mut. Ins. Co.*, 979 F. Supp. 2d 883, 890 (W.D. Ark. 2013), *appeal denied*, No. 13-8038 (8th Cir. Dec. 2, 2013); *Knowles v. Standard Fire Ins. Co.*, No. 4:11-cv-04044, 2013 WL 3968490, at *6 (W.D. Ark. Aug. 2, 2013), *appeal denied*, No. 13-8027 (8th Cir. Sept. 11, 2013).  In this case, the attorneys' fees calculation puts an additional $311,718 in controversy.

20. Punitive damages are potentially available under the Missouri Merchandising Practices Act.  Mo. Rev. Stat. § 407.025.  It is legally possible that the putative class could recover punitive damages of five times the sum of actual damages and attorneys' fees.  *See* Mo. Rev. Stat. § 510.265 (allowing punitive damages of "[f]ive times the net amount of the judgment awarded to the plaintiff against the defendant"); *Hervey v. Missouri Dep't of Corr.*, 379 S.W.3d 156, 163 (Mo. 2012) (the "net amount of the judgment" includes attorneys' fees).  In this case, the punitive damages calculation puts an additional $5,455,070 in controversy.

21. Thus, it is legally possible that the putative class could recover $6,546,084, representing the sum of compensatory damages, attorneys' fees, and punitive damages.

22. The Petition also seeks injunctive relief. *See* Petition ¶¶ 4, 44. Injunctive relief is potentially available under the Missouri Merchandising Practices Act. Mo. Rev. Stat. § 407.025. The changes in production processes and/or capital equipment that would be necessitated by an injunction requiring an increase in the percentage fill in the product packages at issue could possibly cost Ferrara in excess of $6,000,000.

23. Thus, it is legally possible that the amount in controversy exceeds $5,000,000, accounting for potential recovery of compensatory damages, attorneys' fees, punitive damages, and injunctive relief. For the avoidance of doubt, Ferrara does not agree that any such relief, including any such injunctive relief, is warranted or would be proper. Rather, such relief should be included in the calculation of the amount in controversy.

24. Federal jurisdiction exists over this putative class action unless Plaintiffs can establish that recovery of more than $5,000,000 in this putative class action would be legally impossible. "'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.' Even if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard." *Raskas*, 719 F.3d at 888 (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) (internal citation omitted).

**The Other Removal Prerequisites Have Been Satisfied.**

25. The procedural requirements set forth in 28 U.S.C. § 1446 have also been met.

26. The U.S. District Court for the Eastern District of Missouri is the federal judicial district encompassing the Circuit Court of the City of St. Louis, where this suit was originally filed. Venue is therefore proper in this district pursuant to 28 U.S.C. §§ 1441(a), 1446(a).

27. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other papers received by Ferrara are attached hereto as Exhibit 1.

28. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel is serving this Notice of Removal on plaintiff's counsel and is filing a copy of this Notice of Removal with the Circuit Court of the City of St. Louis.

29. The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division, and this cause is removable to the United States District Court for the Eastern District of Missouri, Eastern Division.

30. If any question arises as to the propriety of the removal of this action, Ferrara requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

WHEREFORE, Defendant Ferrara respectfully gives notice that this action is removed from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri.

Dated: January 11, 2017

6

                    Respectfully Submitted,

By: */s/ Troy A. Bozarth*
     Troy A. Bozarth (5209515 E.D. Mo.)
     Matthew H. Noce (57883MO)
     Charles N. Insler (58623MO)
     HEPLER BROOM LLC
     One Metropolitan Square
     211 North Broadway Suite 2700
     St. Louis, MO 63102
     Phone: 314-241-6160
     Fax: 314-241-6116
     mhn@heplerbroom.com
     cni@heplerbroom.com

*Counsel for the Defendant Ferrara Candy Company*

## CERTIFICATE OF SERVICE

I certify that on the 11th day of January 2017, I electronically filed a true and correct copy of the foregoing Notice to the Plaintiff of Removal with the Clerk of the United States District Court for the Eastern District of Missouri using the CM/ECF system, and that I also served a true and correct copy of the foregoing Notice to the Plaintiff of Removal by First Class U.S. Mail on

    Matthew H. Armstrong
    Armstrong Law Firm LLC
    8816 Manchester Road, No. 109
    St. Louis, MO 63144

                                            */s/ Troy A. Bozarth*
                                            Troy A. Bozarth