

# IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1622-CC11493 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JACLYN WATERS<br><br>vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Defendant/Respondent:<br>FERRARA CANDY CO | | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail
(Circuit Division Cases)

### Notice

To: FERRARA CANDY CO
ILLINOIS CORPORATION SERVICE
801 ADLAI STEVENSON DR
SPRINGFIELD, IL  62703

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 09-DEC-2016.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

**I declare, under penalty of perjury, that this notice was mailed on 09-DEC-2016.**

_____
Signature

### Acknowledgment of Receipt of Summons and Petition

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____          _____
Date                                                                 Signature

                                                        _____
                                                        Relationship to Entity/Authority to receive service of process



IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1622-CC11493 |
|---|---|
| Plaintiff/Petitioner:<br>JACLYN WATERS<br><br>vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Defendant/Respondent:<br>FERRARA CANDY CO | |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Notice and Acknowledgement for Service by Mail
(Circuit Division Cases)

### Notice

**To:** FERRARA CANDY CO
ILLINOIS CORPORATION SERVICE
801 ADLAI STEVENSON DR
SPRINGFIELD, IL 62703

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 09-DEC-2016.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

**I declare, under penalty of perjury, that this notice was mailed on 09-DEC-2016.**

_____
Signature

### Acknowledgment of Receipt of Summons and Petition

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____       _____
Date                                              Signature

                                                  _____
                                                  Relationship to Entity/Authority to receive service of process



## IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1622-CC11493 |
|---|---|
| Plaintiff/Petitioner:<br>JACLYN WATERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO  63144 |
| Defendant/Respondent:<br>FERRARA CANDY CO | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons for Service by Registered or Certified Mail

**The State of Missouri to:** FERRARA CANDY CO
  Alias:

ILLINOIS CORPORATION SERVICE
801 ADLAI STEVENSON DR
SPRINGFIELD, IL  62703



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

December 9, 2016                                  *THOMAS KLOEPPINGER*
Date Issued                                              Clerk

Further Information:

### Certificate of Mailing

I certify that on ___12-9-2016___ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent FERRARA CANDY CO by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.

___12-9-2016___
Date

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| JACLYN WATERS, individually and on behalf of all others similarly situated in Missouri, ) ) ) ) | |
| Plaintiff, ) ) | No. _____ |
| v. ) ) | JURY DEMAND |
| FERRARA CANDY CO., ) ) | |
| Defendant. ) ) | |
| Serve by Mail to: ) ) | |
| FERRARA CANDY CO. ) Illinois Corporation Service RAGT ) 801 Adlai Stevenson Dr. ) Springfield IL 62703 ) | |

**PETITION AND JURY DEMAND**

Plaintiff Jaclyn Waters, individually and on behalf of all others similarly situated in Missouri ("Class Members" or the "Class"), alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

**NATURE OF THE CASE**

1.  "Informed consumers are essential to the fair and efficient functioning of a free market economy. Packages . . . should enable consumers to obtain accurate information as to the quantity of the contents and should facilitate value comparisons." 15 U.S.C.A. § 1451.

2.  The average consumer spends a mere 13 seconds making an in-store purchasing decision.[1] That decision is heavily dependent on a product's packaging, and particularly the

---

[1] http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-your-brands-20-second-window.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online") (last accessed Nov. 29, 2016).

1

Electronically Filed - City of St. Louis - December 08, 2016 - 09:25 PM

package dimensions: "'Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight' . . . . Faced with a large box and a smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2]

3.  Plaintiff brings this class-action lawsuit based on Defendant's misleading, deceptive and unlawful conduct in packaging its Chewy Red Hots candy ("Products") in non-transparent cardboard boxes, which are substantially under-filled or "slack-filled." The slack-fill serves no functional purpose. Consumers paid a premium for the Products, which they would not have purchased had they known that the containers were substantially empty, or would have purchased them on different terms.

4.  Accordingly, Plaintiff brings this action on behalf of herself and all others similarly situated to recover damages and injunctive relief for Defendant's false, deceptive, and misleading conduct in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law, and for disgorgement of Defendant's unjust enrichment.

5.  Plaintiff, Jaclyn Waters, is a Missouri citizen and resident of the City of St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), Plaintiff purchased Chewy Red Hots candy at a Wal-Mart store in the City of St. Louis, Missouri, for personal, family, or household purposes. The purchase price of the Product was $0.98. Plaintiff's claim is typical of all Class Members in this regard. In addition, the non-functional slack-fill contained in the Product purchased by Plaintiff is typical of the slack-fill contained in the Products purchased by Class Members.

---

[2] http://www.consumerreports.org/cro/magazine-archive/2010/january/shopping/product-packaging/overview/product-packaging-ov.htm (quoting Brian Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers) (last accessed Nov. 29, 2016).

2

6. Defendant Ferrara Candy Company is an Illinois corporation with its corporate headquarters located in Oakbrook Terrace, Illinois. Defendant and its agents manufacture, market, distribute, label, promote, advertise and sell the Products.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court. The amount in controversy is less than $75,000 per Plaintiff and Class Member individually and less than $5,000,000 in the aggregate. Plaintiff believes and alleges that the total value of her individual claims is at most equal to the refund of the purchase price she paid for the Product.

8. Moreover, because the value of Plaintiff's claims is typical of the claim value of each Class Member, the total damages to Plaintiff and Class Members, inclusive of costs and attorneys' fees, will not exceed $4,999,999 and is less than the five million dollar ($5,000,000) minimum threshold necessary to create federal court jurisdiction.

9. Defendant cannot plausibly allege it has sold sufficient Products in Missouri during the Class Period to satisfy CAFA's jurisdictional minimum amount in controversy.

10. Based on the allegations of the foregoing paragraphs, there is no diversity or CAFA jurisdiction for this case.

11. This Court has personal jurisdiction over Defendant pursuant to § 506.500, RSMo., as Defendant has had more than sufficient minimum contact with the State of Missouri and has availed itself of the privilege of conducting business in this state. Additionally, and as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that give rise to civil liability, including distributing and selling the misbranded Products throughout the State of Missouri.

12. Venue is proper in this forum pursuant to §§ 508.010 and 407.025.1, RSMo., because the transactions complained of occurred in the City of St. Louis, Missouri and Plaintiff was injured in the City of St. Louis, Missouri.

## ALLEGATIONS OF FACT

### Federal and Missouri State Law Prohibit Non-Functional Slack-Fill

13. Defendant's deceptive and misleading conduct, as described herein, violates the Federal Food, Drug and Cosmetic Act ("FDCA") Section 403 (21 U.S.C. § 343); Section 403(d) (21 U.S.C. § 343(d)); and the Code of Federal Regulations Title 21 part 100, *et seq.*, as well as parallel Missouri statutes. As described in detail below, these violations contravene Missouri's Merchandising Practices Act, which prohibits deceptive, fraudulent, misleading and unfair conduct in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020.43, RSMo.

14. 21 C.F.R. § 100.100 prohibits nonfunctional slack-fill:

> In accordance with section 403(d) of the act, a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading.
>
> (a) A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill. Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons other than:
>
>> (1) Protection of the contents of the package;
>>
>> (2) The requirements of the machines used for enclosing the contents in such package;
>>
>> (3) Unavoidable product settling during shipping and handling;
>>
>> (4) The need for the package to perform a specific function (e.g., where packaging plays a role in the preparation or consumption of a food), where such function is inherent to the nature of the food and is clearly communicated to consumers;

(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value which is both significant in proportion to the value of the product and independent of its function to hold the food, e.g., a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed; or durable commemorative or promotional packages; or

(6) Inability to increase level of fill or to further reduce the size of the package (e.g., where some minimum package size is necessary to accommodate required food labeling (excluding any vignettes or other nonmandatory designs or label information), discourage pilfering, facilitate handling, or accommodate tamper-resistant devices).

15. In addition, pursuant to 21 C.F.R. § 100.100, a container is presumptively misleading if it does not allow the consumer to fully view its contents and if it contains nonfunctional slack-fill.

16. Missouri state law also prohibits non-functional slack-fill and incorporates language identical to the C.F.R.: "[F]ood shall be deemed to be misbranded: . . . . (4) If its container is so made, formed or filled as to be misleading." § 196.075, RSMo.

17. None of the enumerated safe-harbor provisions described above applies to the Products, thereby rendering the Products' slack-fill "nonfunctional" and unlawful. Defendant intentionally incorporated non-functional slack-fill in its packaging of the Products in order to mislead consumers, including Plaintiff and Members of the Class. *Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 405 (E.D.N.Y. 2010) ("Misleading consumers is not a valid reason to package a product with slack-fill. *See* 21 C.F.R. § 100.100(a)(1-6).").

### Defendant's Products Contain Substantial Non-Functional Slack-Fill

18. Defendant manufactures, markets, promotes, labels, advertises, and sells a variety of confectionery products, including the Products at issue.

5

19. The Products are sold in a variety of flavors, including but not limited to Original Cinnamon, Intense Cinnamon, Sizzling Sour, Kick'n Mango-Lime, and Dark-Chocolate Covered Chewy Red Hots.



20. The Products are sold throughout the State of Missouri, and are regularly sold at grocery stores, convenience stores, supermarkets and other food retail outlets.

21. Defendant's Products are packaged in non-transparent cardboard containers, which contain substantial non-functional slack-fill, as depicted below.

6



22.     The Product containers are an implicit representation of the amount of product contained therein, because consumers reasonably assume that the Products will contain a full complement of product.

23.     Reasonable consumers, such as Plaintiff, attached importance to the Products' size as a basis for their purchasing decisions.

24.     Defendant's Products are misleading because they contain non-functional slack-fill and the Products' non-transparent cardboard containers prevented Plaintiff and Class Members from viewing the amount of product contained therein. Moreover, the slack-fill cannot be legally justified under any of the enumerated safe-harbor provisions of 21 C.F.R. § 100.100.

25.     Plaintiff and Class Members did not know, and had no reason to know, that the Product packaging contained non-functional slack-fill.

26.     Defendant's Product packaging was a material factor in Plaintiff's decision to purchase the Products. Based on the Product packaging, Plaintiff and the Class Members

7

Electronically Filed - City of St. Louis - December 08, 2016 - 09:25 PM

believed that they were getting more Product than was actually being sold. Had Plaintiff and Class Members known Defendant's packaging was slack-filled, they would not have purchased the Products, or would not have paid a premium to purchase them.

27. Plaintiff and Class Members suffered an ascertainable loss as a result of Defendant's unlawful conduct, including the percentage of non-functional slack-fill relative to the purchase price paid.

## CLASS ALLEGATIONS

28. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons consisting of:

> All Missouri citizens who purchased the Products in the five years preceding the filing of this Petition (the "Class Period").

29. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

30. Upon information and belief, the Class consists of hundreds or thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

Electronically Filed - City of St. Louis - December 08, 2016 - 09:25 PM

31.  There are numerous and substantial questions of law or fact common to all of the members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

 a. Whether the Products' container or packaging is so made, formed, or filled as to be misleading;

 b. Whether the Products contained non-functional slack-fill;

 c. Whether Defendant violated the MMPA by selling the Products in containers with non-functional slack-fill;

 d. Whether, and to what extent, injunctive relief should be granted to prevent such conduct in the future;

 e. Whether Defendant has been unjustly enriched by the sale of the Products to the Plaintiff and Class;

 f. Whether Plaintiff and Class Members have sustained damages as a result of Defendant's unlawful conduct; and

 g. The proper measure of damages sustained by Plaintiff and Class Members.

32.  The claims of the Plaintiff are typical of the claims of Class Members, in that she shares the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests of other Class Members.

33.  Plaintiff will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

   a. The claims presented in this case predominate over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

   b. Absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

   c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

   d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

   e. This action presents no difficulty that would impede its management by the court as a class action which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

35. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying

adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

36. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of Missouri's Merchandising Practices Act

37. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

38. Plaintiff brings this claim individually and on behalf of the Class for Defendant's violations of the MMPA. The MMPA "is designed to regulate the marketplace to the advantage of those traditionally thought to have unequal bargaining power as well as those who may fall victim to unfair practices." *Huch v. Charter Commc'ns Inc.*, 290 S.W. 3d 721, 725 (Mo. banc. 2009). The MMPA provides that it is unlawful to "act, use or employ . . . deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." § 407.020.1, RSMo.

39. Defendant's conduct as described above constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or

11

Electronically Filed - City of St. Louis - December 08, 2016 - 09:25 PM

advertisement of any merchandise in trade or commerce in that Defendant incorporates substantial non-functional slack-fill into the Products' non-transparent packaging. As such, the Product containers are made, formed, or filled as to be misleading.

40. Defendants' misrepresentations and omissions as set forth in this Petition are material in that they relate to matters that are important to consumers and/or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff and Class Members.

41. In violation of the MMPA, Defendant employed fraud, deception, false promise, misrepresentation and/or the knowing concealment, suppression or omission of material facts in its sale and advertisement of the Products.

42. Plaintiff and Class Members purchased the Products for personal, family, or household purposes.

43. Plaintiff and Class Members suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the purchased Products and the value of the Products if they had been as represented. Had Plaintiff and Class Members known the truth about the Products, they would not have purchased the Products, or would have purchased the Products on different terms.

44. In addition, Defendant's conduct has caused Plaintiff and Class Members irreparable injury. As described herein, Defendant has engaged in unlawful and misleading conduct on a routine and automated basis, harming Missouri consumers in a uniform manner. Unless restrained and enjoined, Defendant will continue such conduct. As authorized under § 407.025.2, RSMo., Plaintiff requests injunctive relief, and such other equitable relief as the Court deems just and proper.

## COUNT II

### Unjust Enrichment

45.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

46.     By purchasing the Products, Plaintiff and Class Members conferred a benefit on Defendant in the form of the purchase price of the slack-filled Products.

47.     Defendant had knowledge of such benefits.

48.     Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

49.     Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations and omissions.

50.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at the Plaintiff's and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons in Missouri, prays the Court:

a.     Grant certification of this case as a class action;

b.     Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c.     Award compensatory damages to Plaintiff and the proposed Class in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class, or,

13

    alternatively, require Defendant to disgorge or pay restitution in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

d.     Award pre- and post-judgment interest in an amount which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

e.     Award reasonable and necessary attorneys' fees and costs to Class counsel, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class; and

f.     For all such other and further relief as may be just and proper.

Dated: December 8, 2016

Respectfully submitted,

Jaclyn Waters, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By:    /s/ Matthew H. Armstrong
Matthew H. Armstrong, MoBar 42803
**ARMSTRONG LAW FIRM LLC**
8816 Manchester Rd., No. 109
St. Louis, MO 63144
Tel:    314-258-0212
Email: matt@mattarmstronglaw.com

Attorney for Plaintiff and the Putative Class

Armstrong Law Firm LLC
8816 Manchester Rd. #109
St. Louis MO 63144

**Ferrara Candy Company**

**Illinois Corporation Service**

**801 Adlai Stevenson Dr.**

**Springfield IL 62703**

```
MATT ARMSTRONG                         1 LBS        1 OF 1
(314) 258-0212                    SHP WT: 1 LBS
THE UPS STORE #0373               DATE: 09 DEC 2016
8816 MANCHESTER RD
BRENTWOOD  MO 63144-2602

SHIP  ILLINOIS CORPORATION SERVICE
TO:   FERRARA CANDY COMPANY
      801 ADLAI STEVENSON DR
```



SPRINGFIELD  IL 62703-4261

IL 627 0-01



UPS GROUND

TRACKING #: 1Z 208 05R 03 9226 5625

BILLING: P/P

ISH 13.00N ZZP 450 81.5U 10/2016

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.                                                 RRD R 0215

